# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-1241**                                        **September Term, 2023**

**SEC-2023-80**

**Filed On:** March 21, 2024

Gunes Biray,

       Petitioner

    v.

Securities and Exchange Commission,

       Respondent

### PETITION FOR REVIEW FROM AN ORDER OF THE SECURITIES AND EXCHANGE COMMISSION

**BEFORE:**    Henderson, Millett, and Walker, Circuit Judges

## J U D G M E N T

This petition for review of an order of the Securities and Exchange Commission ("SEC") was considered on the briefs and appendix filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner challenges the SEC's August 25, 2023 order denying his application for a whistleblower award. However, he has not shown that information he provided to the SEC "led to the successful enforcement" of the covered action, as required under 15 U.S.C. § 78u-6(b)(1), and the SEC's determination to the contrary is supported by substantial evidence in the form of declarations from one of the primary enforcement attorneys assigned to the underlying investigation, see generally Doe v. SEC, 846 Fed. Appx. 1, 3-4 (D.C. Cir. 2021). Moreover, assuming that he has not forfeited the argument by failing to raise it in his response to the SEC's preliminary determination, petitioner was not eligible for an award in any related action because he was not entitled to an award in the covered action. See 15 U.S.C. § 78u-6(a)(5); 17 C.F.R. §§ 240.21F-3(b)(1) and 240.21F-11(a); Belaski v. SEC, 839 Fed. Appx. 566, 566 (D.C. Cir. 2021).

# United States Court of Appeals

_____

Petitioner also raises procedural objections to the SEC's handling of his information, such as allegedly rushed consideration of his submission, failure to forward the information to others within the agency, and omitting additional searches following up on his information.  Whether or not any such errors occurred in the handling of the investigation, petitioner's tips were not actually used in any underlying investigative or prosecutorial action, so no whistleblower award is due.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**